### TRACEY v. TOWN OF PHELPS.

*(Circuit Court, N. D. New York.  January 7, 1885.)*

1. MUNICIPAL BONDS — FRAUDULENT ISSUE — BONA FIDE HOLDER — BURDEN OF PROOF.

When it appears that municipal bonds were fraudulently issued, the burden is cast on the holder to show that he is a holder in good faith, and for value.

2. SAME—CREDIBILITY OF WITNESS—PROVINCE OF JURY.

The jury are at liberty to reject the testimony of a witness as incredible, although he is not impeached or contradicted by direct evidence where there is some intrinsic improbability in his narrative, and he has shown himself unworthy of credit by his attempt to falsify a collateral transaction involved in the suit.

3. SAME—NEW TRIAL REFUSED.

Upon the evidence in this case, *held*, that the court properly submitted the question as to whether plaintiff was a *bona fide* holder of the municipal bonds in suit to the jury as one of fact, and that their verdict was sustained by the evidence, and that a new trial should not be granted.

Motion for New Trial.

*Edward B. Thomas*, for plaintiff.

*Comstock & Bennett*, (*H. V. Howland*, of counsel,) for defendant.

WALLACE, J.  The plaintiff contends that Post was a *bona fide* holder of the bonds in suit, and the plaintiff, who acquired title from him, was entitled to stand' on Post's title, notwithstanding the bonds were illegally created by persons who assumed authority to represent the defendant.  When it appeared that the bonds were issued in fraud of the rights of the defendant, the burden was cast upon the plaintiff to show that he was a holder in good faith, and for value.  *Bailey* v. *Town of Lansing*, 13 Blatchf. 424.  He attempted to do this by showing that Post was such a purchaser.  Post was produced as a witness for the plaintiff, and testified that he took $6,000 in amount of the bonds, as collateral to a loan of $2,000, made to one Davis at the time, and without any information of the invalidity of the bonds.  He was a banker, and made inquiries about the bonds of other bankers before taking them.  It appears that two days later he wrote to the

financial officer of the defendant asking information if the bonds were good and all right. And, after he was informed the bonds were in litigation, he took $5,500 more of the bonds, and thereafter surrendered $3,000 of those he took on the earlier occasion. He testified to a subsequent sale of all the bonds to the plaintiff in this suit, which was obviously a merely colorable sale, although he represented it as a regular business transaction. Davis was not produced as a witness, nor were any of the parties produced of whom, according to Post's testimony, he made inquiries before taking the bonds. The *bona fides* of his acquisition of the bonds was left to rest on his unsupported testimony.

Upon this case the court refused to rule, as matter of law, that Post was a *bona fide* purchaser of the bonds, and left the question as one of fact to the jury. This was not error, because the jury were at liberty utterly to reject his testimony as incredible, although he was not impeached or contradicted by direct evidence. It was enough to authorize the jury to do this, that there was some intrinsic improbability in Post's narrative, and he had shown himself unworthy of credit by his attempt to falsify the transaction respecting the sale of the bonds made by him to the plaintiff. *Harding* v. *Brooks*, 5 Pick. 245; *Elwood* v. *W. U. Tel. Co.* 45 N. Y. 549; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Koehler* v. *Adler*, 78 N. Y. 287.

The motion for a new trial is denied.