[No. 6536½. Decided February 5, 1907.]

LOUIS H. GOSLINE, *Appellant*, v. L. DRYFOOS, *Respondent*.[1]

EVIDENCE—WEIGHT AND SUFFICIENCY. The court is not bound by the uncontradicted testimony of an interested party, but may reject the same if unworthy of belief by reason of its improbability or inconsistency.

BILLS AND NOTES—TRANSFER—BONA FIDES. The uncontradicted testimony of the plaintiff that he was the *bona fide* purchaser of notes is unworthy of belief and insufficient to sustain the burden of proof required by the negotiable instrument law, Laws 1899, p. 340, §§ 52, 59, where, upon an issue as to fraud in the inception of the notes, his evidence shows an anxious determination to avoid any in-

[1]Reported in 88 Pac. 634.

formation concerning the origin of the notes, and that he purchased them of his brother-in-law, knowing nothing of the maker or his financial standing, made no entry upon his books, required no endorsement or guaranty, and held them when past due without any move to collect, and no effort was made to corroborate his story by the evidence of the endorser.

APPEAL—REVIEW—HARMLESS ERROR. Entry of judgment prior to the expiration of the time for moving for a new trial, is not ground for reversal, where the motion for new trial made preserved appellant's rights and the judgment entered was right.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 12, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action on promissory notes. Affirmed.

*Byers & Byers*, for appellant.

*Sachs & Hale*, for respondent.

CROW, J.—This action was instituted to recover upon four promissory notes, which were identical in form and amount, differing only in their respective dates of maturity. The first note reads as follows:

"$100.00.                    Seattle, Wn., 2-23-1905.
"Two months after date I promise to pay to the order of myself One Hundred Dollars at value received with interest at —— per cent, per annum.
                    "(Signed)        L. Dryfoos."

The plaintiff alleged that the notes severally fell due in two, four, six, and eight months, and that they had been assigned to him before maturity for a valuable consideration. The defendant admitted the execution of the notes, but denied the other allegations of the complaint. For an affirmative defense he alleged that, on or about February 23, 1905, one Simon Hartman, by false and fraudulent representations, induced him to sign and deliver the four promissory notes, together with four other notes for a like amount; that the

L. Dryfoos Company, a corporation of the state of Washington, in which the defendant was a stockholder, had been adjudged an involuntary bankrupt; that Simon Hartman, being then in Seattle representing a certain creditor of the corporation, agreed that, if the defendant would make and deliver to him the notes sued on in this action, together with the four other notes, he would procure the creditor represented by him and all other creditors to accept a proposition then pending for a compromise of the debts of the L. Dryfoos Company, a corporation, and its release from the bankruptcy proceedings; that relying upon the promises and statements of Hartman, the defendant executed and delivered to him the eight notes, but that Hartman, contrary to his promise and agreement, failed, neglected, and refused to effect the settlement and compromise, or to secure the release of the bankrupt corporation; that thereupon the defendant demanded the return of the notes, which Hartman had refused, and that the notes were without consideration. The reply denied these affirmative allegations. Upon a trial to the court without a jury, judgment was entered in favor of the defendant, and plaintiff has appealed.

The appellant contends that the trial court erred in entering judgment in favor of the respondent, for the reason that such judgment was not warranted by the evidence. The respondent Dryfoos, by the undisputed testimony of himself and one other witness, clearly sustained the affirmative defense. Thereupon the appellant endeavored to show that he had purchased the notes before maturity, and that he was a holder in due course. The only evidence offered in support of this contention was appellant's deposition which, it is evident, the trial court did not regard as worthy of credit, although uncontradicted by any other witness. Appellant testified that he is living in Chicago, Illinois, where he has engaged in the insurance business; that it is not his usual custom to deal in negotiable instruments; that he is a brother-in-law

of Hartman, who also lives in Chicago; that he and Hartman visit each other frequently; that appellant purchased the notes at Hartman's request; that appellant did not know the respondent Dryfoos, had never heard of him, had no information as to his financial responsibility; that he made no inquiry in regard to the same, but relied upon the statement of Hartman that the notes were good; that for the eight notes he paid Hartman $740 in currency, which he took from private funds kept in a safe in his office; that he made no entry of the transaction upon his books of account; that he did not require Hartman to endorse the notes or guarantee their payment; that he held the notes until several were past due, when he sent them to his attorneys for collection; and that if the notes are not paid he will lose the amount involved, as he looks to respondent only.

Hartman did not testify, nor was his absence explained. The appellant did not state that he notified the respondent of his purchase, nor does it appear that he ever communicated with respondent in any manner prior to sending the notes to his attorneys for collection. Upon this testimony, which was not denied by any witness, the appellant contends that judgment should have been entered in his favor. It is a well-established principle of law that neither courts nor jurors are bound by the uncontradicted testimony of an interested party when such testimony, upon being carefully weighed, does not commend itself as worthy of belief. If by reason of improbable and inconsistent statements, the testimony of an interested party appears to be lacking in the element of truthfulness, courts and jurors may, in their discretion, reject the same. This is undoubtedly what the trial court did in weighing the appellant's sworn statement, and its right to so proceed has been recognized by this court. *Coey v. Darknell*, 25 Wash. 518, 65 Pac. 760; *Keene v. Behan*, 40 Wash. 505, 82 Pac. 884. See, also, *Elwood v. Western U. Tel. Co.*, 45 N. Y. 549, 6 Am. Rep. 140; *Kava-*

*naugh v. Wilson,* 70 N. Y. 177; *Chandler v. Town of Attica,* 22 Fed. 625; *Tracy v. Town of Phelps,* 22 Fed. 634; *Quock Ting v. United States,* 140 U. S. 417, 11 Sup. Ct. 733, 851, 35 L. Ed. 501; *Wait v. M'Neil,* 7 Mass. 260.

In *Chandler v. Town of Attica, supra,* the only evidence offered in support of the allegation that the plaintiff was a *bona fide* holder for value of certain negotiable coupons, was given by interested parties, and the court in its opinion said:

"A witness may be contradicted by circumstances as effectually as by the statements of other witnesses. Conjecture is not to be substituted for probative *indicia;* but where these exist, a judge or a juror is not bound to surrender his convictions and blindly accept the statement of a witness, because no other witness has contradicted it, and the character of the witness is not impeached. The authorities are numerous that a judge or jury, in the exercise of judicial discretion, is at liberty to reject the statements of witnesses in the situation of the witnesses here, and under the circumstances of this case."

It is unnecessary for us to make a detailed statement of appellant's testimony. He was advised by the pleadings that the respondent claimed the notes were without consideration and had originated in fraud. It does not appear that he made any effort to secure the evidence of his assignor Hartman. He has elected to base his sole right to recover upon his unsupported statement that he was an innocent purchaser for value and before maturity. His entire deposition discloses an anxious determination to avoid any information, suggestion, or knowledge as to the origin of the notes or as to the circumstances surrounding their execution and delivery. Having carefully examined all of appellant's testimony, we conclude that the trial court was justified in rejecting it as unworthy of belief; that he has utterly failed to sustain the burden of proof resting upon him under §§ 52 and 59 of our negotiable instruments law, chapter 149, Laws of 1899, p. 340, and that he was not an innocent purchaser or holder in due course.

The only remaining assignments of error are that the court erred in entering judgment prior to the expiration of the statutory time allowed for making a motion for a new trial; also that it erred in not vacating and setting aside the judgment for the purpose of hearing and passing upon such motion. These contentions are devoid of merit. The appellant made and filed his motion within the statutory time, and has thereby preserved his rights. We have concluded that the judgment entered was right. This being true, it would be an idle proceeding for us to now reverse the same and remand this cause for further proceedings.

The judgment is affirmed.

HADLEY, C. J., DUNBAR, MOUNT, FULLERTON, RUDKIN, and ROOT, JJ., concur.