[No. 13500.   Department Two.   October 13, 1916.]

ANDY JIM, *Appellant*, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, *Respondent*.[1]

APPEAL—REVIEW—DISMISSAL ON MERITS—QUESTION OF FACT. Upon a trial before the court without a jury, a judgment of dismissal upon a challenge to the sufficiency of the evidence is a decision on the merits, presenting on appeal a question of fact for ultimate determination by the court, and not the question presented upon granting a nonsuit at a jury trial.

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—FAILURE TO WARN—EXPLOSIVES—EVIDENCE—SUFFICIENCY. Where a workman, twenty-one years old, was injured by the explosion of a dynamite cap which he had placed in his pocket by direction of the foreman and had forgotten to remove, the supreme court will not disturb a finding that the foreman was not guilty of negligence in failing to instruct him as to the danger of handling dynamite caps and in failing to see that unused caps were returned to their place, in view of the workman's age, education, apparent intelligence and experience, as the trial court had opportunity to judge.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered October 8, 1915, dismissing

[1]Reported in 160 Pac. 295.

with prejudice an action for personal injuries, upon sustaining a challenge to the sufficiency of the evidence, after a trial to the court on the merits.   Affirmed.

*Glen V. Farnham* and *C. H. White*, for appellant.

*Geo. W. Korte* and *Cullen, Lee & Matthews*, for respondent.

PARKER, J.—This is an action to recover damages for personal injuries resulting from the explosion of a dynamite cap, the proximate cause of which plaintiff claims was the negligence of one of defendant's section foremen under whom he was at the time working.   The case proceeded to trial in the superior court for Spokane county without a jury.   At the close of the evidence introduced in behalf of the plaintiff, counsel for the defendant, challenging the sufficiency of the evidence to entitle the plaintiff to recover, moved for judgment, which motion was by the court granted, rendering judgment of dismissal with prejudice.   From this disposition of the case, the plaintiff has appealed to this court.

Appellant is a Bulgarian unable to speak the English language, but evidently fairly well educated, having attended school for many years in Bulgaria before coming to this country.   At the time of receiving the injury here in question, he was twenty-one years old.   He had then been working for respondent upon its railway line for about two months as a section hand.   On October 31, 1914, it became necessary to remove a large boulder from near appellant's track upon its right of way.   The boulder was too large to move without breaking it, which had to be done by an explosion of dynamite.   The respondent's section foreman in charge of the work directed appellant to go with him some little distance along the track to get some dynamite and a dynamite cap.   The foreman took some dynamite, directing appellant to bring a cap.   They returned to the rock, the foreman carrying the dynamite and appellant the cap.   They then

attempted to set off the charge of dynamite with the view of breaking the rock, but for some reason it failed to go off. They then brought more dynamite and another cap, the foreman carrying the dynamite and the appellant the cap as before. Their efforts to set off the charge of dynamite upon their return at this time also failed. It was raining at the time and appellant's story seems to indicate that their failures were because of the caps getting wet while he was carrying them to the rock. · He was then directed by the foreman to bring more caps from the hand car and to bring them in his pocket in order that they could be kept dry. Complying with this direction, he brought two caps in his pocket. One of these was successfully used in exploding the dynamite and in breaking the rock. The other cap evidently remained in appellant's pocket, though there is no direct evidence to that effect. He had never seen dynamite or dynamite caps until that time. His story furnishes us practically no information as to whether or not he had any appreciation of the dangers of dynamite or dynamite caps. The foreman did not caution him or give him any instructions as to the care he should exercise in handling the caps.

Two days later, while performing his usual duties as section hand under the same foreman, appellant put his hand into the same pocket of his coat in which he had carried the two caps to the boulder, for the purpose of getting his gloves out, and while his hand was in his pocket in the act of withdrawing his gloves, there was an explosion in the same pocket, resulting in serious injury to his hand, for which he claims damages. There was found there, as evidently having dropped out of his pocket, a piece of a dynamite cap, and some small pieces of copper from such a cap were also found in the wound inflicted upon his hand by the explosion. The evidence seems to warrant the conclusion that this explosion was from the cap which appellant had put in his pocket and not used two days previous, though this is to be arrived at by inference rather than by direct evidence of such fact. We

shall assume, as his counsel does, that it was the same cap and that he had forgotten to put it back after the breaking of the rock by exploding the dynamite with the other cap.

There are no remarks of the trial judge or recitals in the judgment in the record before us showing the ground upon which the trial court granted the motion for judgment. We assume, therefore, that it was granted upon the ground stated by counsel for respondent in making the motion, which was that there was "no showing as to any acts upon the part of the defendant, or any of its agents or servants, which caused the injury complained of, or contributed thereto." There is nothing in the record indicating that the question of assumption of risk or contributory negligence on the part of appellant entered into the question of respondent being entitled to judgment. We have to do then with the correctness of the trial court's decision in holding that respondent was not negligent.

We are to be reminded that this is not a question of nonsuit at the close of plaintiff's evidence upon a jury trial; hence our problem is not whether the evidence was sufficient to carry the case to the jury, had it been tried before a jury, but whether or not the trial court correctly decided the case upon the merits as a question of fact; for the court's decision was in effect a decision upon the merits of appellant's entire case, though made in response to a motion for judgment against appellant made at the close of the evidence introduced in his behalf.

The only negligence which it would be at all possible to charge respondent with in this case was that of the failure of its section foreman to instruct appellant as to the dangers incident to handling the dynamite caps and see that he returned the unused cap instead of letting it remain in his pocket. Now it might well be argued that it would have been error in the trial court to take this question of negligence from the jury had the case been tried before a jury. But whether it constitutes negligence such as to entitle appellant

to judgment upon a trial before the court, is quite a different question, and being so tried, became a question of fact for ultimate determination by the court, the same as it would have been determinable by a jury had the case been tried before a jury. Clearly, under all the circumstances here shown, we would not be warranted in disturbing the verdict of a jury rendered against appellant upon these facts. While cases tried in the superior court are in a sense triable *de novo* in this court, and we are not bound by the findings of the trial court to the same extent that we are by the findings of a jury, we cannot see our way clear to disturb the findings of the trial court made against appellant in this case. Considering the age, education and apparent intelligence and experience of appellant, as the trial court had opportunity to judge, we cannot say that it erroneously determined that respondent's section foreman was not guilty of negligence in his failure to instruct appellant as to the danger of handling dynamite caps, and in the foreman's failure to see that appellant returned the unused cap immediately following the breaking of the rock when the other cap was used. The question is, in its last analysis, one of fact, the same as if the case had been tried before a jury, though the trial court's conclusions on questions of fact are not as binding on us as the finding of a jury. We cannot say that the evidence does not preponderate in support of the trial court's conclusion.

The judgment is affirmed.

MORRIS, C. J., HOLCOMB, and MAIN, JJ., concur.