[No. 13837. Department Two. May 17, 1917.]

GEORGE KALIVAS, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

APPEAL—REVIEW—DISMISSAL ON MERITS—QUESTION OF FACT. Upon a trial before the court without a jury, a judgment of dismissal upon a challenge to the sufficiency of the evidence is a decision on the merits, presenting on appeal a question of fact for ultimate determination by the court, and not the question presented upon granting a nonsuit at a jury trial.

MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE —SUFFICIENCY. In an action for personal injuries sustained by a section hand through the derailing of a hand car when the track wrench fell off the front end of the car, there is no evidence of negligence on the part of the company, where all the conditions were the usual conditions, the foreman was sitting about the middle of the car operating the gasoline motor, and plaintiff was on the front end of the car, and it was as much the duty of the plaintiff to watch the wrench as it was the duty of the foreman.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered December 24, 1915, upon granting a nonsuit, dismissing an action for personal injuries sustained by a section hand through the derailment of a hand car. Affirmed.

[1] Reported in 165 Pac. 96.

*Hibschman, Dill & White,* for appellant.

*Cannon & Ferris,* for respondent.

MOUNT, J.—Action for personal injuries.  The case was tried to the court without a jury.  At the conclusion of the plaintiff's evidence, and upon defendant's challenge to the sufficiency thereof, the trial court found that the defendant had not been guilty of negligence, that the plaintiff had assumed the risk, and for those reasons dismissed the case.  The plaintiff has appealed.

It appears that, on August 5, 1915, the appellant was in the employ of the Northern Pacific Railway Company as a section hand.  Part of his duties were to inspect the tracks upon the section and to keep the lights and the section of the railway in order.  On that date, the appellant and the section foreman were proceeding over the section on a hand car equipped with a gasoline motor.  The gasoline motor was contained in a box which ran the length of the car and through the center of it.  On each side of the box was a trough, or rack, for the purpose of holding tools which were necessary to be carried upon the car.  This car was the usual and customary car used on inspection trips.  The tools carried upon it were a crowbar, a spike maul, a track wrench, and shovels.  On the day of the accident, while upon an inspection trip, the appellant and the foreman of the section crew were riding upon the motor car.  The foreman was sitting about the middle of the car on the box covering the motor, engaged in operating the motor, while the appellant was sitting on the opposite side, on the front end of the car, with his feet hanging down in front.  While the car was traveling at about ten miles an hour on a slightly up-grade, the track wrench which was upon the car fell off the front end of the car, derailing the car and injuring the appellant.  The evidence does not show upon which side of the motor car the track wrench was placed.  It does not show who placed the wrench upon the car.

It is argued by the appellant that it was the duty of the foreman to see that tools were properly placed upon the car, and that it was the foreman's duty to see that the tools did not fall off the car. We find no evidence in the record to show whose duty it was upon this occasion to see that this tool did not fall off the car. All that is shown is that the tool was on the car; that, in some unaccountable way, it fell off in front when the car was going up-grade, and that it derailed the car. Appellant contends that it was the duty of the foreman to look out for the safety of the appellant, and that, when it was shown that the wrench fell off the car and derailed the car, sufficient negligence was shown to warrant a finding in favor of the appellant. This argument is based upon the assumption that sufficient facts were shown to warrant the court in submitting the case to a jury. Conceding this to be so, if the case had been tried to a jury, it does not follow that, when the case is tried to the court without a jury, the court is bound to find as a jury might have found, because it is a well established principle of law that courts are not bound by the uncontradicted testimony of an interested party. *Gosline v. Dryfoos*, 45 Wash. 396, 88 Pac. 634. The court is authorized to weigh the evidence and to determine the facts the same as a jury, and the findings of the trial court will not be disturbed upon a review *de novo*, unless the evidence preponderates against such findings.

In the case of *Jim v. Chicago, Milwaukee & St. Paul R. Co.*, 93 Wash. 179, 160 Pac. 295, in referring to this question, we said:

"We are to be reminded that this is not a question of nonsuit at the close of plaintiff's evidence upon a jury trial, hence our problem is not whether the evidence was sufficient to carry the case to the jury, had it been tried before a jury, but whether or not the trial court correctly decided the case upon the merits as a question of fact; for the court's decision was in effect a decision upon the merits of appellant's entire case, though made in response to a motion for judgment

against appellant made at the close of the evidence introduced
in his behalf."

In *Lambuth v. Stetson & Post Mill Co.*, 14 Wash. 187, 44
Pac. 148, this court said:

"When the trial is before a jury, the court cannot weigh
the testimony upon a motion for a non-suit for the reason that
it cannot weigh it at any time; but when the trial is without
a jury, the court must eventually weigh the testimony for the
purpose of determining where the preponderance is, and there
is no reason why it should not so weigh it at the earliest pos-
sible time when the rights of the plaintiff will not be cut off
by its so doing; and when the plaintiff has introduced all of
his proof and rested, no right of his will be cut off if the
court then determines what has been proven. It cannot be
presumed that plaintiff's case will be strengthened by the evi-
dence put in by the defendant. If, when plaintiff had sub-
mitted his evidence, the defendant had rested without putting
in any proof, it is clear that the court would have had to de-
termine the questions of fact made by the pleadings upon a
preponderance of the testimony. Hence, under the rule con-
tended for by the appellant, the court might be put in the
anomalous position of denying the motion for a non-suit and
immediately thereafter upon the refusal of the defendant to
put in any proof, deciding the case in his favor."

After carefully reading the record in this case, we are of
the opinion that no negligence was shown on the part of the
respondent. The car was the usual car used in such work,
and operated as usual. The tools were the usual tools carried
on such trips. They were loaded and carried as usual, and
no tools had ever before fallen off under such conditions. It
was not shown that it was the duty of the section foreman to
guard the track wrench and see that it did not fall off the
car. The section foreman was engaged in operating the
little gasoline engine which ran the car. The appellant's po-
sition was on the front of the car, where he was required to
look out for oncoming trains, and it was, no doubt, as much
his duty to watch the wrench as it was the duty of the fore-
man. So far as the record shows, the fault, if any, in not ob-

serving the wrench when it was about to fall was that of the appellant, rather than of the section foreman.

We conclude, therefore, that the trial court did not err in finding that there was no negligence proven against the respondent, and that the appellant assumed whatever risk there was in riding on the car.

The judgment is therefore affirmed.

ELLIS, C. J., PARKER, HOLCOMB, and FULLERTON, JJ., concur.