[No. 31948.   Department One.   May 8, 1952.]

SOLITA BLAIR, *Respondent and Cross-appellant,* v. ANTHONY McKINNON, *as Executor, Appellant.*[1]

[1]Reported in 244 P. (2d) 250.

*Edwards E. Merges,* for appellant.

*Nelson R. Anderson,* for respondent and cross-appellant.

MALLERY, J.—This suit was brought upon a creditor's claim filed and rejected in the estate of Robert W. McKinnon, deceased. The claim totaled $1,997.50, and was composed of various items, including bills for furniture, wages, loans, and small miscellaneous items.

The plaintiff, a friend of long standing, went to live in the deceased's apartment house as his housekeeper, after he became a widower in 1948.

Plaintiff and the deceased had a joint bank account. She kept and managed the apartment house. He gave her a power of attorney, and there was some commingling of personal property and furniture. She was a devisee under his will.

The deceased was a seaman, and spent most of his time away from home. His son was appointed as executor of his estate. Plaintiff's claim was for an aggregate of $1,997.50, and, of this amount, the trial court allowed recovery for items totaling $327.29, and rejected items totaling $1,660.21.

The defendant appeals from that part of the judgment which allowed $327.29 to the plaintiff, and the plaintiff cross-appeals from that part of the judgment which rejected $1,660.21 of her claim.

The defendant (appellant) contends that the trial court erred in "refusing to grant the motion of appellant for dismissal at the close of respondent's case."

He did not stand upon his motion, but elected to introduce evidence. In such case, this court reviews the entire case.

*Hobba v. Postal Telegraph-Cable Co.*, 19 Wn. (2d) 102, 141 P. (2d) 648.

The defendant contends the court erred in refusing to admit in evidence certain admissions against interest made by the decedent. They were, in effect, that he had been living and cohabiting with the plaintiff; that he was giving all of his money to her; that she was using the same for her own benefit; and that he owed her nothing. These statements, being in favor of, rather than against, decedent's pecuniary and proprietary interests, were not admissible. *Allen v. Dillard*, 15 Wn. (2d) 35, 129 P. (2d) 813.

The defendant contends that the court erred in "holding that there was a partnership and ordering an accounting and then changing the ruling and giving a judgment on exactly the opposite theory and in rendering a judgment against the appellant."

Defendant objected to an accounting in the court below. He cannot urge a favorable ruling by the trial court as an error in this court.

The defendant contends the court erred in "holding that there was sufficient evidence to show the value or conversion of any of the articles of personal property or the rendition or value of the services."

The trial court made findings of fact and conclusions of law. This assignment of error does not point out what finding of fact is complained of, nor does the argument, in support of this assignment of error, refer us to the statement of facts for evidentiary support of his contention.

Rule on Appeal 43, 34A Wn. (2d) 47, provides, *inter alia:*

". . . In appeals from all actions at law or in equity tried to the court without a jury, appellant must point out by number and description the finding of fact upon which he predicates error, otherwise the findings will be accepted as the established facts in the case. . . ."

The assignment of error is not allowed.

The defendant contends that the court erred in "holding that the appellant had waived Rem. Rev. Stat. 1211 by introducing into the evidence the bank book showing the joint account between Solita Blair and the decedent."

■ We may grant defendant's contention that RCW 5.60.030 [*cf.* Rem. Rev. Stat., § 1211] was not waived. In a trial to the court, it will be presumed that the court is not prejudiced by the admission of improper testimony. Defendant does not point out how this assignment of error affects the facts as found by the trial court. It will, therefore, be presumed to be harmless error.

The plaintiff, on her cross-appeal, contends that the court erred in making finding of fact No. 5, which is:

"That the following items in the plaintiff's claim were not sufficiently proved:

| | |
|---|---:|
| "Wages for labor 3/3/49 to 8/22/50 | $1058.00 |
| "Telephone bill | 5.94 |
| "Electric bill | 13.57 |
| "Cash loan advanced | 579.00 |
| "P. I. Subscriptions | 3.70 |
| "Total | $1660.21" |

Plaintiff's assignment of error No. 2 is directed specifically to the items of $1,058 and $579 in the above finding. In assignment of error No. 3, she contends the trial court should have given her judgment for these two items, and, in assignment of error No. 4, she contends that the court erred in only allowing judgment in the sum of $327.29.

The item for wages in the amount of $1,058 was claimed for labor performed by the plaintiff for the deceased in his apartment house. Disinterested witnesses testified as to the amount of the labor and its value.

■■ RCW 5.60.030 [*cf.* Rem. Rev. Stat., § 1211] bans a claimant from testifying to an oral contract with a decedent. The court, nevertheless, may imply a contract and allow claims for labor performed under such circumstances as support an implied contract.

The trial court, being aware of the joint account and the commingling of their affairs, was not required to draw the inference, in this case, that the labor had been performed for hire or that the plaintiff was unpaid.

The $579 item was claimed to be money loaned to the deceased. This is sought to be established by her account

book as an *inference* from the fact that it showed $5,590.46 in receipts, and $6,270.06 in disbursements.

Again we say that the trial court is not compelled to *infer* that this difference proves that the plaintiff had loaned decedent the sum in question. The court is not bound by uncontradicted testimony of an interested witness. *Keene v. Behan,* 40 Wash. 505, 82 Pac. 884; *Gosline v. Dryfoos,* 45 Wash. 396, 88 Pac. 634; *Kalivas v. Northern Pac. R. Co.,* 96 Wash. 309, 165 Pac. 96; *Deno v. Standard Furniture Co.,* 190 Wash. 1, 66 P. (2d) 1158.

The judgment is affirmed.

SCHWELLENBACH, C. J., GRADY, DONWORTH, and WEAVER, JJ., concur.

[1]Reported in 244 P. (2d) 244.