Donald S. Taylor, J.
The motion by the defendant to dismiss for legal insufficiency the amended complaint which unites the infant’s cause of action for personal injuries with her parent’s derivative action is denied. According the pleading the benefit of fair inference and reasonable intendment it may be construed to allege that through a sale to his parent the defendant negligently put in the possession of an immature infant for his use an air gun and ammunition therefor who it knew or should have known because of his youth and his inexperience in handling such would be likely to employ in a manner involving unreasonable risk of bodily harm to persons in the vicinity of its use and that, through the subsequent reckless handling of the gun by the infant, injury and damage were caused the plaintiffs. These allegations sufficiently state a cause of action. (Restatement, Torts, § 390.)
We now turn to defendant’s motions for nonsuits and directed verdicts on the ground that the plaintiffs, prima facie, have failed to establish causes of action.
Viewed in its most favorable light from their standpoint it appears from the transcript of the plaintiffs’ case that on the 22d day of December, 1953, an employee of the defendant in charge of the gun department of its retail store in the city of Kingston, New York, in the course of his duties, sold and delivered to one Edwin Healey, Sr., a BB air gun and ammunition with actual knowledge that it was purchased for presentation to and use by his son, Edwin, Jr., then an infant of the age of nine years. It further appears that the infant accompanied his parents to the defendant’s store when the sale of the gun was made and at the invitation of the defendant’s salesman experimentally tested it in an unloaded state in the latter’s presence. While the age of the infant is not shown to have been *1002 communicated to the defendant’s' employee it is ■ reasonably inferable that his observations permitted him to estimate it with close approximation. On the day following Christmas,' the testimony indicates, Edwin, Jr. pointed the loaded gun at the infant plaintiff, a child of about his own age, and discharged a shot therefrom which penetrated her eye. It is not claimed that the gun was functionally or otherwise defective.
It is the defendant’s position that it legally sold the gun to a parent not shown to be incompetent who its employee had a right to assume would exercise appropriate supervisory care to prevent injury from its use by his infant son and that whatever injury ensued proximately resulted from the parent’s failure to take adequate protective precautions to that end. This position in my judgment is untenable. The record demonstrates that the defendant knowingly put in the hands of a child, whom it should have known to be irresponsible and inexperienced in handling such because of his extreme youth, an inherently dang*erous instrumentality the sale of which to him directly was specifically proscribed by the Penal Law and whose mere possession of which made him a juvenile delinquent subject to punishment as such. (Penal Law, §§ 1896,1897, subd. 3.) To say that its subsequent reckless and dangerous use by him was not a likely event reasonably predictable in the exercise of prudent foresight ignores common experience, the known propensities of young children in whose possession firearms are placed and the legislative policy of the State. The naked legality of the sale to the parent, also in pari delicto, does not operate to relieve the defendant from liability. (Golembe v. Blumberg, 262 App. Div. 759; Gerbino v. Greenhut-Siegel-Cooper Co., 165 App. Div. 763, 767; Henningsen v. Markowitz, 132 Misc. 547; Restatement, Torts, § 390, see, also, §§ 307, 308.) Corey v. Kaufman & Chernick (70 R. I. 27) which the defendant cites in support of its contentions, is not analogous to the instant case. There the weapon and ammunition were sold for use by a minor 16 years of age of whose inexperience with firearms the seller had no knowledge or notice because of his youth or otherwise. Moreover, a sale to him personally was not forbidden by the pertinent Rhode Island statute.
The plaintiffs’ evidence is sufficient prima facie to make out causes of action on the liability side of the case and the defendant’s motions are denied with appropriate exceptions.
Pursuant to their stipulation the court will hear the further proofs of the parties at the court house in Kingston, New York, on September 6,1957 at 2:00 p.m.