JAMES T. MORRIS, a Minor, etc., Plaintiff and Appellant, v. THE TOY BOX et al., Defendants and Respondents.

Elmer Low for Plaintiff and Appellant.

James V. Brewer for Defendants and Respondents.

LILLIE, J.—Plaintiff appeals from a judgment of dismissal following a declination to amend his first amended complaint, a demurrer thereto having been sustained with leave to amend.

The asserted cause of action is for damages arising from the sale by Toy Box, a Pasadena retailer, of a bow and arrow to one Mary Boyd who, in turn, permitted its use by her 10-year-old son, Randy. Both mother and son were also named as defendants. Plaintiff-minor, then 4 years of age, was struck by an arrow shot by Randy; as a result, he has lost the sight of his left eye.

Omitting allegations immaterial to this appeal, the amended complaint alleges that Mary Boyd purchased "a large bow and arrow" from Toy Box for Randy and it "was delivered to him and used by him at and about his home in the City of Pasadena"; at the time of said purchase Mary Boyd

"informed said seller that she intended to give it to her son Randy who was 10 years of age to use in and about his home in Pasadena and that she was uninformed in the use, propensities and dangers of said bow and arrow"; further, she was "given no warning and no notice of any danger inherent in the use of said bow and arrow."

It was alleged that the bow and arrow "was a large bow, required great use to make it taunt [*sic*] and could kill a person if the arrow struck a vital spot . . . and was a dangerous instrumentality for use by children of tender years in the presence of other children"; that Randy "was inexperienced and uninformed in the use, propensities and danger of said bow and arrow."

The pleading then avers that "the seller defendant Toy Box has superior knowledge with respect to the properties, propensities and dangers attendant upon the use of said bow and arrow by children of tender years and had superior knowledge with respect to the injuries that an improper and unskilled use of said bow and arrow could inflict on children who might be present"; continuing, Toy Box "failed to give to the purchaser such information as he himself possessed regarding the dangers to children caused by unskilled and improper use of said bow and arrow. . . ."

It is next alleged that Toy Box knew that Mary Boyd and Randy were "unskilled and uninformed and inexperienced in the use of such bow and arrow and were uninformed of the dangers to other children that were involved in its use and the said sellers knew that it was illegal to shoot said bow and arrow in the City of Pasadena except at a designated range and said sellers knew that it was to be used not in a designated range but in the area of the home of the purchaser and knew or should have known that children would be present when it was used, yet said sellers gave no notice or warning whatsoever to the purchaser."

The final allegation pertinent to this appeal is: "The defendants The Toy Box and the defendants sued under their fictitious names are intended to represent the manufacturers and suppliers of said bow and arrow and it is alleged that they were negligent in failing to give warning of any dangerous propensity of said article, produced and sold by them, knowing and realizing that such article was likely to be dangerous for the use for which it was supplied and having no reason to believe that those for whose use it was supplied would realize its dangerous condition and were further negli-

gent in failing to exercise reasonable care to inform them of the dangerous condition or of the facts that made it likely to be dangerous, and were further negligent in failing to label said article as to warn of any dangers that may arise from improper handling and its use by children in and about private homes. All of such negligence has directly and proximately resulted in plaintiff's injuries as aforesaid.''

Plaintiff obviously has attempted to bring the facts of his case within the so-called dangerous article exception to the privity doctrine (Restatement, Torts, §§ 388-390). ''One who, directly or through a third person, supplies a chattel for another's use is subject to liability to those whom the supplier should expect to use the chattel with the consent of the other, or to be in the vicinity of its probable use, for bodily harm caused by its use in the manner for which and by a person for whose use it is supplied, if the supplier knows or from the facts known to him should realize that the chattel is or is likely to be dangerous for the use for which it is supplied, has no reason to believe that those for whose use it is supplied will realize its dangerous condition, and fails to exercise reasonable care to inform them of the dangerous condition or of the facts that make it likely to be dangerous.'' (35 Cal.Jur.2d, Negligence, § 87.)

No applicable California decision supports plaintiff's suggestion that a bow and arrow is inherently dangerous. A contrary determination, however, was reached in an Ohio case, the court being of the opinion that ''a bow and arrow used by a child eleven years of age cannot be classed as a dangerous instrumentality.'' (*White* v. *Page* (Ohio App.) 105 N.E.2d 652, 653.) Several other cases dealing with articles similar thereto have reached the same result. (*Miller* v. *Sears, Roebuck & Co., of Illinois*, 250 Ill.App. 340 (toy spark pistol); *Chaddock* v. *Plummer*, 88 Mich. 225 [50 N.W. 135, 14 L.R.A. 675, 26 Am.St.Rep. 283] (air gun); *Mazzocchi* v. *Seay*, 126 W.Va. 490 [29 S.E.2d 12] (air rifle); *Wagner* v. *Barban*, 12 La.App. 640 (sling shot); *Levis* v. *Zapolitz*, 72 N.J.Super. 168 [178 A.2d 44] (sling shot).) If liability is to be imposed on Toy Box, we are of the view that it must be on the theory that Toy Box had a duty to warn Randy's mother of the ''dangers'' incident to the article's use by her son under the circumstances pleaded.

There is this comment (in pertinent part) on clause (b) of section 388 of the Restatement: ''One who supplies a chattel to others to use for any purpose is under a duty to

exercise reasonable care to inform them of its dangerous character in so far as it is known to him or of facts which to his knowledge make it likely to be dangerous, if, but only if, he has no reason to expect that those for whose use the chattel it supplied will discover its condition and realize the danger involved therein. It is not necessary for the supplier to inform those for whose use the chattel is supplied of a condition which a mere casual looking over will disclose unless the circumstances under which the chattel is supplied are such as to make it likely that even so casual an inspection will not be made." While plaintiff has alleged no functional or latent defect, he apparently is urging that the "tautness" of the bow string which "could kill a person if the arrow struck a vital spot" constituted a dangerous condition of which the purchaser should have been advised.

*Youtz* v. *Thompson Tire Co.*, 46 Cal.App.2d 672 [116 P.2d 636], makes reference to the comment (just cited) from the Restatement. It quotes from a leading case on the particular point (at pp. 676-677) : " 'But in the other class of cases, where the article itself is not inherently or instrinsically dangerous to health or life, a third party, seeking to hold the maker liable for injuries suffered by him in the use of the article, must show that the maker knew it was unsafe and dangerous, and either concealed the defects, or represented that it was sound and safe. But even when this is shown, the maker will not be liable, if it is made to appear that the purchaser had knowledge of the defects at and before the third party was injured in using it. . . .' " Among other reasons for the rule exculpating the maker from liability, the cited case holds, is the fact that " 'the maker's wrongful act in such a case is not the proximate cause of the injury, when it is shown that there was the intervention of a new agent, to wit, the purchaser, who, with knowledge of the danger, used and permitted others to use the article.' "

Plaintiff's argument that Toy Box possessed some "superior" knowledge of the operation of the article is fallacious and unsound. As in the case of a sling shot,[1] the bow and arrow has been in use by young and old alike for thousands of years; its method of operation, therefore, is a matter so notorious to all that production of evidence relative thereto would be unnecessary (9 Wigmore § 2571) and one which the courts will judicially notice (Code Civ. Proc., § 1875).

[1] "And David prevailed over the Philistine, with a sling and a stone, and he struck, and slew the Philistine." (1 Kings 17.50.)

Although, as plaintiff correctly points out, a demurrer admits the truth of allegations well pleaded however improbable they may appear to be, it also reaches such matters as may be considered under the doctrine of judicial notice. (*Weil* v. *Barthel*, 45 Cal.2d 835, 837 [291 P.2d 30].) To us it is simply inconceivable that a 10-year-old boy, much less his mother, would be unacquainted with the use of so common an article as the one here in question. If Toy Box had sold the boy's mother a baseball bat, the law would hardly have imputed some superior knowledge of its use to the vendor. There are decisions holding that the fact that baseballs are thrown and batted with great swiftness (and the attendant possibility of injury to spectators) is a matter of common knowledge. (*Quinn* v. *Recreation Park Assn.*, 3 Cal.2d 725 [46 P.2d 144]; *Brown* v. *San Francisco Ball Club Inc.*, 99 Cal. App.2d 484 [222 P.2d 19].) Under the circumstances, we hold that the rules and propositions of law invoked by plaintiff are not here applicable.

The several cases relied on by plaintiff are likewise not in point. *Tingey* v. *E. F. Houghton & Co.*, 30 Cal.2d 97 [179 P.2d 807], involved the manufacture of chemicals and the positive assertion that they were not dangerous. In *Schatter* v. *Bergan*, 185 Wash. 375 [55 P.2d 344], the action was directed against a *parent* and not against the supplier; furthermore, the article was an air gun and the ordinance made it unlawful for the *parent* to permit a child to carry such an article in the city. *Carmona* v. *Padilla*, 4 App.Div.2d 181 [163 N.Y.S.2d 741], also pertained to a person with parental control and not the supplier. In *Sickles* v. *Montgomery Ward & Co.*, 6 Misc.2d 1000 [167 N.Y.S.2d 977], the negligence stemmed from the violation of a statute prohibiting sale of the article to a minor. The Pasadena ordinance, as we shall now point out, was not designed to cover the situation at bar.

Although plaintiff's original complaint makes reference to the ordinance *in haec verba*, as amended the pleading alleges only the substance of the measure, to wit, that "it was illegal to shoot said bow and arrow in the City of Pasadena except at a designated range" and "said sellers knew that it was to be used not at a designated range but at the home of the purchaser." Plaintiff's argument is as follows: "The only reason the Board of Directors could have had in passing such an ordinance was to protect persons who might be injured by (the article's) use in relatively crowded areas . . . If the City authorities recognized the danger so must have, or should have,

the manufacturer and seller and therefore warning should have been given to the purchaser as to where it should be used.'' To require Toy Box to go to such an extreme to discover the existence of ordinances assertedly governing the sale of its merchandise (save where the article is inherently dangerous) would, we believe, impose a burden which would be totally unrealistic and out of proportion to the risk involved and wholly inconsistent with the facts of everyday business life. The ordinance does not prohibit the *sale* of bows and arrows in Pasadena. As the purchaser of the article, Mrs. Boyd was manifestly not a member of the class the ordinance was enacted to protect; nor was Randy for whom, it was alleged, the bow and arrow were to be given. ▉ ''In other words, the violation of an enactment becomes an actionable wrong only when the consequences contemplated by the enactment actually result from the violation.'' (35 Cal.Jur.2d, Negligence, § 19). Toy Box did not violate the ordinance pleaded in the amended complaint. Under the circumstances, any suggestion of its applicability to the facts at bar is unwarranted and wholly specious.

▉ Plaintiff, as above noted, was given an opportunity to amend his complaint, but failed to do so; accordingly we must assume that he has stated his case as strongly as it was possible for him to do. (*Faulkner* v. *California Toll Bridge Authority,* 40 Cal.2d 317 [253 P.2d 659].) It must be concluded, therefore, that the complaint as amended is vulnerable to the demurrer and that the trial court's action in sustaining such a demurrer was correct.

Respondent has extensively argued another point (in the alternative) in support of an affirmance. In view of our conclusions, above stated, we do not reach this alternative point despite the novel (and interesting) claims therein advanced.

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.