[Civ. No. 14160. Fourth Dist., Div. One. Oct. 20, 1976.]

DIANE BOJORQUEZ, a Minor, etc., Plaintiff and Appellant, v. HOUSE OF TOYS, INC., et al., Defendants and Respondents.

---

## COUNSEL

Roden & White and Steven V. Schnier for Plaintiff and Appellant.

Higgs, Fletcher & Mack, Stephen K. Brunk, Strop & Urquhart and John M. Urquhart for Defendants and Respondents.

---

## OPINION

**BROWN (Gerald), P. J.**—Diane Bojorquez, a minor, appeals through Rachel Bojorquez, her guardian ad litem, the summary judgment dismissing her complaint against Southland Corporation (dba 7-11 Food Stores), William and Hollis Wade (dba 7-11 Stores), and House of Toys, Inc.

Four children went to a 7-11 Market and one of them bought a slingshot distributed by House of Toys. Charles Sellers, a 10-year-old member of the group, used this slingshot to fire a projectile which hit Diane in the eye. In suing the retailer and the wholesaler Diane contends: 1) they were negligent in selling slingshots to children who because of their youth are incapable of using them without creating an unreasonable risk of physical harm to others, 2) they are strictly liable because they distributed and sold defective merchandise which contained no warning about the danger of slingshots thus making them unreasonably dangerous to users, consumers and third parties and 3) House of Toys aided and abetted the assault by selling slingshots to Southland knowing Southland would resell them to inexperienced and incompetent youths. Diane claims the trial court erred in dismissing the first two counts; she does not contest dismissal of the third.

■ On appeal we ask whether Diane has in either instance stated a cause of action. ■ For a complaint in negligence to succeed there must be a duty requiring a certain standard of conduct, a failure to conform to that standard, a close causal connection between the conduct and the resulting injury and actual damages (Prosser, Law of Torts (4th ed.) at p. 143; *Connelly* v. *State of California,* 3 Cal.App.3d 744, 755 [84 Cal.Rptr. 257]). ■ Does a wholesaler or a retailer have a duty to make sure his products are sold only to those persons or classes of persons who will not use them to harm others? In support of her contention that he does, Diane points to the Restatement Second of Torts, section 390 which states: "One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them."

Slingshots have been used as toys and weapons since Old Testament times. A 10-cent slingshot is a toy although its use, like the use of other toys, such as baseball bats and bows and arrows, may cause injury to others. The cases we have found under section 390 and the illustrations provided in the Restatement all involve the sale or entrustment of a chattel to a particular individual who allegedly was known to the seller to be too young, inexperienced or incompetent to use the item properly.

Here Diane wants us to hold the retailer and distributor negligent for selling toy slingshots to the class of persons for whom they were intended—the young; in effect, she asks us to ban the sale of toy slingshots by judicial fiat. Such a limitation is within the purview of the Legislature, not the judiciary.

■ Is the slingshot defective because it did not have a warning it was dangerous? ■ Strict liability is imposed where there are patent or latent defects which make a product unreasonably dangerous to users or consumers (Rest.2d Torts, § 402A). ■ In some instances, the manufacturer of an unreasonably dangerous product may insulate himself from strict liability by adding a warning or giving directions on the container which keep the product from being deemed unreasonably dangerous. But the seller does not need to add a warning when "the danger, or potentiality of danger is generally known and recognized." For example, it is unnecessary to warn persons of the dangerous nature

of alcohol (Rest.2d Torts, § 402A, com. j; *Barth* v. *B. F. Goodrich Tire Co.,* 265 Cal.App.2d 228, 245 [71 Cal.Rptr. 306]). ▮ Is the potential danger of a slingshot generally known? Ever since David slew Goliath young and old alike have known that slingshots can be dangerous and deadly. (See *Morris* v. *Toy Box,* 204 Cal.App.2d 468, 472 [22 Cal.Rptr. 572] [bow and arrow].) There is no need to include a warning; the product is not defective because it lacked a warning; there is no cause of action in strict liability.

Judgment affirmed.

Ault, J., and Cologne, J., concurred.