[Civ. No. 62773. Second Dist., Div. Five. June 29, 1982.]

MICHAEL HOLMES, a Minor, etc., Plaintiff and Appellant, v. J. C. PENNEY COMPANY, Defendant and Respondent.

COUNSEL

Sherman & Nordstrom and Arthur Sherman for Plaintiff and Appellant.

George H. Ellis and Jeffrey Laufenberg for Defendant and Respondent.

OPINION

ASHBY, J.—

### STATEMENT OF THE CASE AND FACTS

Michael Holmes, a minor, appeals through his guardian ad litem, Ollie Holmes, the order of dismissal of his third amended complaint against J. C. Penney Company which was entered after respondent's (hereinafter Penney's) demurrer was sustained without leave to amend.

Appellant's third amended complaint alleges that Penney's sold $CO_2$ cartridges to defendant Damon Walker, a minor, who in turn used those cartridges to power a pellet gun which belonged to another defendant, Jimmie Petty, also a minor. It is further alleged that while Damon Walker was shooting at birds with a pellet gun appellant was struck and injured by a pellet fired from the pellet gun. It is alleged in the first cause of action against Penney's that Penney's breached a duty of care to appellant when the $CO_2$ cartridges (manufactured and sold by Penney's) were sold to a minor, Damon Walker, and that the injuries to appellant were foreseeable. In the second cause of action against Penney's, appellant alleges that Penney's was strictly liable for his injuries due to a defect arising from Penney's failure to warn against the potential harm to bystanders in the event that cartridges are used to power pellet guns operated by minors.

### DISCUSSION

On this appeal we must consider whether appellant was able to state a cause of action against Penney's in either negligence or products (strict) liability. ■ Appellant alleges that Penney's had a duty to prevent sales of $CO_2$ cartridges to minors because such cartridges may

be used to power pellet guns which, in the hands of a minor, present a foreseeable risk of harm to others such as appellant.

A similar question was presented in *Bojorquez v. House of Toys, Inc.* (1976) 62 Cal.App.3d 930, 933 [133 Cal.Rptr. 483, 94 A.L.R.3d 386]. There, the plaintiff sought to state causes of action in negligence and strict liability against a retailer of toy slingshots. The court stated that the plaintiff was in essence requesting it to find the retailer and distributor negligent for "selling toy slingshots to the class of persons for whom they were intended . . . ." The court deemed such a request as one for a ban on sales of toy slingshots by "judicial fiat." (*Bojorquez v. House of Toys, Inc., supra,* at p. 933.) The court disallowed the plaintiff's cause of action, stating that: "Such a limitation[, a ban, was] within the purview of the Legislature, not the judiciary." (*Id.*)

Appellant contends that *Bojorquez* is factually distinguishable from the instant case and is therefore not controlling. The distinction appellant relies upon is that $CO_2$ cartridges are not toys as were the slingshots in *Bojorquez*. Appellant also contends that "allowing a cause of action in negligence for sale of the powering $CO_2$ cartridge [to the minor] would not [e]ffect a ban on the sale of pellet guns by 'judicial fiat' since the legislature has already expressed an intent to control pellet guns."

While $CO_2$ cartridges may not be toys, and while the Legislature has made it a misdemeanor to sell or provide a pellet gun to a minor (Pen. Code, §§ 12551, 12552), these facts do not compel a finding by this court that *Bojorquez* is not controlling. Most significant here is the fact that $CO_2$ cartridges are manufactured and sold for a variety of uses other than the powering of pellet guns, such as toys, airbrushes, and seltzer bottles. While allowing a cause of action for negligence in this case may not effect a ban on the sale of *pellet guns* by judicial fiat, permitting a cause of action would effect a ban on the sale of *cartridges* for any of their *other* intended purposes as well by judicial fiat. While the Legislature has evidenced an intent to control the sale of pellet guns to minors, the Legislature has not likewise evidenced an intent to control the sale of devices which power those guns. As noted in *Bojorquez*, such limitations are *not* within the purview of the judiciary. (*Bojorquez v. House of Toys, Inc., supra,* 62 Cal.App.3d at p. 933.)

Moreover, it is because $CO_2$ cartridges *are* distinguishable from toy slingshots that we are compelled to conclude that *Bojorquez* is not dis-

positive of this case. Toy slingshots are not inherently dangerous items. Any dangers incident to their use arise only when the toy slingshots are coupled with a projectile. Furthermore, slingshots have but one use and that use is self-evident. $CO_2$ cartridges, on the other hand, do not by their appearance suggest the use to which they were put in the instant case and, as earlier noted, they have many other uses. Accordingly, the $CO_2$ cartridges pose an even lesser potentiality for harm incident to their uses than toy slingshots. These facts countermand against finding that Penney's has a duty to police purchasers who may be purchasing $CO_2$ cartridges to power pellet guns, absent actual knowledge that the purchaser so intends.[1]

■ Finally, we conclude that the $CO_2$ cartridges manufactured and sold by Penney's were not defective because they did not bear a warning that others could be harmed if the cartridges are used to power pellet guns. As stated in *Bojorquez* v. *House of Toys, Inc., supra,* 62 Cal. App.3d at page 933, "[a] seller does not need to add a warning when 'the danger, or potentiality of danger is generally known and recognized.'" In the instant case, appellant alleged that he was injured while defendant Damon Walker was shooting at birds with a pellet gun powered by a $CO_2$ cartridge sold by Penney's. It is inconceivable that Damon Walker was unaware that an errant shot could strike a bystander such as appellant. The potentiality for harm arising incident to the firing of a pellet gun is as obvious as the potentiality for harm recognized in *Bojorquez*. (See also *Morris* v. *Toy Box* (1962) 204 Cal.App. 2d 468, 471-473 [22 Cal.Rptr. 572].) A warning, in this case, against the potentiality for injury would therefore serve no useful purpose.

The order is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied July 21, 1982, and on July 15, 1982, the opinion was modified to read as printed above.

---

[1]Nor are we compelled to conclude from the fact that Penney's established a policy of prohibiting sales of $CO_2$ cartridges to minors that Penney's had a duty not to sell them to minors. A policy established through the initiative of the conscientious and safety minded should not automatically establish the existence of a legal standard of care, because otherwise such initiative would be discouraged.