[Civ. No. 42458. First Dist., Div. Four. Nov. 28, 1978.]

VIRGINIA BURKE, Plaintiff and Appellant, v.
ALMADEN VINEYARDS, INC., et al., Defendants and Respondents.

**COUNSEL**

Walkup, Downing, Shelby, Bastian, Melodia, Kelly & O'Reilly and Daniel J. Kelly for Plaintiff and Appellant.

Berry & Berry, Samuel H. Berry and John M. Ingle for Defendants and Respondents.

## OPINION

GOOD, J.*—A jury returned a verdict against appellant Virginia Burke and in favor of Almaden Vineyards, Inc. and Automatic Plastic Molding Corporation, the respective manufacturers of Le Domaine champagne and the plastic cork used by Almaden in packaging its product. She had sought recovery of damages for injuries sustained in a household accident when a cork struck and shattered the left lens of her eyeglasses, driving pieces of glass into her eye. She had dismissed charges of negligence and proceeded to trial solely on the theory of a manufacturer's strict liability in tort for a dangerous or defective design of a product which causes injury. She appealed from the judgment entered on the verdict but has withdrawn the appeal as against the manufacturer of the cork. Consequently, we are concerned only with the case as against Almaden Vineyards, Inc., the producer of the wine in question.

The determinative issues arise out of the following occurrence at trial: *In camera,* before the jury was seated, appellant's counsel informed the court that she would produce evidence that four years after the accident Almaden had placed the following warning on its bottles: "Use care. Sparkling wines contain natural high pressure. Point bottle away from people when removing wire stopper." Almaden objected that the evidence was more prejudicial than probative but offered to stipulate that it would have been "possible, feasible and practicable" to have attached a warning in like words on its labels and requested the court to exercise its discretion under Evidence Code section 352[1] to exclude the evidence.

After considerable discussion, the judge ruled that, although the evidence of the subsequent warning was not inadmissible under Evidence Code section 1151,[2] in view of Almaden's proffered stipulation the

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.

[1]Evidence Code section 352 provides: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury."

[2]Evidence Code section 1151 excludes evidence of subsequent remedial or precautionary measures only when such evidence is offered to prove negligence or culpable conduct. As negligence or culpability is not a necessary ingredient in an action based upon strict

probative value of the evidence of subsequent warning was outweighed by the risk of undue prejudice and, pursuant to section 352, he would sustain the objection. Appellant was given the option of accepting or rejecting the stipulation. The judge made it clear that he rested this exercise of discretion upon his understanding that Almaden would refrain from offering any evidence or arguing that "no purpose would have been served" by the warning and that appellant's acceptance of the stipulation would "not waive in any way to any extent [her] contention that [she] should have been entitled to present this evidence directly through witnesses." With these assurances counsel stated that since his appellate rights were protected and he had "little or no alternative" he would accept.

*Did the trial court abuse its discretion in excluding evidence of the post accident warning?*

■ Where a manufacturer or supplier of a product is or should have been aware that a product is unreasonably dangerous absent a warning and such warning is feasible, strict liability in tort will attach if appropriate and conspicuous warning is not given. (*Canifax* v. *Hercules Powder Co.* (1965) 237 Cal.App.2d 44, 53 [46 Cal.Rptr. 552]; *Barth* v. *B. F. Goodrich Tire Co.* (1968) 265 Cal.App.2d 228, 244 [71 Cal.Rptr. 306].) Liability does not attach if the dangerous propensity is either obvious or known to the injured person at the time he uses the product. (*Bojorquez* v. *House of Toys, Inc.* (1976) 62 Cal.App.3d 930, 933-934 [133 Cal.Rptr. 483]; see Rest.2d Torts, § 402A, com. (j).) ■ Appellant had the burden of proving (a) that Almaden knew or should have known of a hazard which required warning and (b) that it was feasible for Almaden to have given it. She was not required to prove that, as a user, she was not aware of the defect or to make a showing that would avoid the defense of assumption of risk. (*Luque* v. *McLean* (1972) 8 Cal.3d 136, 142-146 [104 Cal.Rptr. 443, 501 P.2d 1163].)

We do not believe that the consuming public is chargeable with knowledge that the pressure of carbonation in a sparkling wine is such that a plastic cork will eject itself when the wire seal is removed within 3 to 60 seconds at speeds between 37 and 49 miles per hour, depending upon bottle temperatures between 39° and 70.7° F., with no pressure on or twisting of the cork and no agitation of the bottle's contents. At such

liability against a manufacturer, the exclusionary rule of section 1151 does not apply to that field. (*Ault* v. *International Harvester Co.* (1974) 13 Cal.3d 113 at pp. 117-121 [117 Cal.Rptr. 812, 528 P.2d 1148, 74 A.L.R.3d 986].)

speeds an early ricochet of the missile could produce harm to someone not within its direct trajectory. Although the removal of the wire seal and extrusion of the cork is ordinarily a continuous operation it is readily foreseeable that a person unaware of the hazard might remove the wire and momentarily leave the bottle to answer a telephone, adjust a burner on a stove, or get the napkin or towel often used in pouring wines.

We are not concerned with the adequacy of the subsequent warning as a caution against the risk of spontaneous ejection of plastic corks. But we are required to examine its evidentiary value and the effect of depriving appellant thereof as the case went to the jury. The fact of the subsequent warning would have directly supported an inference that a hazard existed which was not obvious and which created an unreasonable risk of harm in the absence of warning. A manufacturer does not ordinarily red-flag a product unless there is a potential danger which requires a warning. The proffered evidence afforded a reasonable, logical and natural inference thereof. (Cf., *doCanto* v. *Ametek, Inc.* (1975) 367 Mass. 776 [328 N.E.2d 873]; *Good* v. *A. B. Chance Co.* (1977) — Colo.App. — [565 P.2d 217, 223].)

The only prejudice of the proffered evidence lies in these inferences, which were relevant, material and went more directly to the issue than other evidence available to appellant, e.g., that Almaden had conducted "pop" tests to study the phenomena since 1967 and had had some claims filed against it. (Cf., *People* v. *Delgado* (1973) 32 Cal.App.3d 242, 249 [108 Cal.Rptr. 399].) But detrimental effect is not necessarily undue prejudice. (*Thor* v. *Boska* (1974) 38 Cal.App.3d 558, 567 [113 Cal.Rptr. 296].) We do not hold that the inferences are conclusive against respondent's defense of obviousness or of appellant's knowledge of the hazard. But their probative force was for the jury to determine. Although there was risk of prejudice if the jury improperly construed the fact as an absolute admission of liability, proper instructions (view with caution, consider in the light of all of the evidence, etc.) could readily eliminate such prejudice.

When the objection was made it was predicated solely upon the prejudicial effect of the proffered evidence. Remoteness was not argued. Because the proffered stipulation went only to the issue of feasibility, i.e., it was "possible, feasible and practicable" for the manufacturer to have included the particular warning on its labels at the time of the accident, and did not go to the element of the existence of the particular hazard, appellant was deprived of an important factor of evidence that was within

her burden of proof. In addition, the inferences tend to refute the defense of obviousness of the hazard. If the hazard was within common knowledge and in the same category as knowledge that knives cut and unstable ladders will cause a user to fall[3] then no warning was required. Without the benefit of the permissible inferences, appellant was peculiarly vulnerable to the asserted defenses that the hazard was within common knowledge or, if not, was within appellant's personal knowledge as an experienced user of the product.

On appeal, Almaden argues that the lapse of time between appellant's accident and the subsequent warning rendered the fact too remote to have any probative force. It is urged that there could be no abuse of discretion in excluding such evidence. But in view of the fact that there had been no change in either the processing or packaging of the particular champagne during the interim, any inferences arising from the fact of the subsequent warning may reasonably be related back to the time of the accident. The question was one for the trier of the facts.

■ The discretion granted to courts by section 352 is not absolute or unlimited but requires that the trial judge balance the probative value of the proffered evidence against its prejudicial effect in the context of the case before the court. (*Brainard* v. *Cotner* (1976) 59 Cal.App.3d 790, 796 [130 Cal.Rptr. 915]; *Kessler* v. *Gray* (1978) 77 Cal.App.3d 284, 291 [143 Cal.Rptr. 496].) The more substantial the probative value the greater must be the prejudice in order to justify exclusion. Among factors which should be considered are its materiality; the strength of its relationship to the issue upon which it is offered; whether it goes to a main issue or merely to a collateral one; and, whether it is necessary to prove proponent's case or merely cumulative to other available and sufficient proof. If it is merely cumulative, it may be regarded as of less probative force than if it is the only evidence available to its proponent. (Jefferson, Cal. Evidence Benchbook, (Cont.Ed.Bar 1972) § 22.1, pp. 288, 289.) It is not sufficient that the proffered evidence is merely damaging to an

---

[3]We have noted that the judge predicated his ruling upon his understanding that Almaden would not argue that a warning would serve no purpose. However, the defense summation asked the jury if it would expect the manufacturer of a knife to warn that knives cut or require the manufacturer of a ladder to warn that the law of gravity could cause a fall if a ladder was not made stable before use. The argument went on: "Such a warning wouldn't tell her [an injured housewife as plaintiff] anything she didn't know and would be a complete waste of time. . . . Would you have any patience with such a person [injured housewife who has fallen from a ladder she had carelessly set up] . . . who sues the maker on the ground [that] it didn't warn her about the law of gravity?" This is a forcefully terse argument that the hazard of spontaneous ejection of plastic corks is so obvious that warning would serve no purpose. Its *ad persona* innuendo is obvious.

adverse party because " 'prejudice and detriment are not synonymous.' " (*Thor* v. *Boska, supra,* 38 Cal.App.3d 558, 567.)

Respondents argue that the order did not result in a miscarriage of justice because "[s]ince she [appellant] knew of the hazard, the absence of the warning was not the proximate cause of her injury." The supporting citations of *Bojorquez* v. *House of Toys, Inc., supra,* 62 Cal.App.3d 930 (a slingshot case) and *Morris* v. *Toy Box* (1962) 204 Cal.App.2d 468 [22 Cal.Rptr. 572] (a bow and arrow case) equate the processes involved in the expulsion of a plastic cork from a bottle of carbonated wine with those involved in the propulsion of a stone from a pulled slingshot and of an arrow from a taut bow. The latter phenomena and the hazards of their occurrence are matters of common knowledge just as are the facts that knives cut or that a person standing on an unstable ladder is apt to fall. Respondents' argument assumes appellant's knowledge of the hazard and is persuasive only if the evidence of appellant's knowledge was conclusive. But it could be deemed conclusive only if her testimony as to her knowledge and experience is completely rejected. She testified that although she knew care should be exercised in opening champagne and the bottle should not be pointed at people when it was being opened, she had never seen a cork spontaneously eject and thought that some finger pressure had to be exercised after the wire seal was removed in order to extrude the cork.

In determining whether or not the preponderance of evidence showed that appellant was or was not aware of the particular hazard, the jury should have been able to balance the inferences we have discussed with the evidence adverse to her cause. Its absence, in combination with the tenor of the closing argument quoted in footnote 3 above and the conflict between her version of the event and her own expert testimony made it entirely possible for the jury to have concluded that she was willfully false in part of her testimony and that all of her testimony should be rejected. The exclusionary order constituted an abuse of discretion which deprived appellant of a fair trial.

The judgment is reversed.

Rattigan, Acting P. J., and Christian, J., concurred.

A petition for a rehearing was denied December 26, 1978, and the petition of respondent Almaden Vineyards, Inc. for a hearing by the Supreme Court was denied February 8, 1979. Clark, J., and Newman, J., were of the opinion that the petition should have been granted.