**Thomas E. MANEELY and Arbalundra L. Chambliss, Plaintiffs–Appellants,**

v.

**GENERAL MOTORS CORPORATION, Defendant–Appellee.**

No. 95–56239.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 1997.

Decided March 13, 1997.

Raymond L. Henke, Los Angeles, California, for plaintiffs-appellants.

Mark V. Berry, Bowman and Brooke, Torrance, California, for defendant-appellee.

Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN,* District Judge.

## OPINION

TROTT, Chief Judge.

Thomas E. Maneely and Arbalundra L. Chambliss ("Appellants") were seriously injured in a single-vehicle accident that occurred while they were riding in the cargo bed of a GMC pickup truck. We must determine whether they presented sufficient evidence, when confronted with a motion for summary judgment, to raise a genuine issue of material fact regarding whether the dangers of riding unrestrained in the open cargo bed of a moving pickup truck are obvious and generally known to the ordinary user, and whether GMC made an affirmation of fact or a promise in its advertising that it is safe to ride unrestrained in the bed of a pickup truck. The district court ruled that they did not and entered judgment in favor of GMC. We affirm.

## BACKGROUND

On April 23, 1992, Appellants accepted a ride in the cargo bed of a friend's 1987 GMC Sierra S–15 pickup truck. They were asleep in the bed of the truck under a tarp, when the driver of the truck fell asleep at the wheel. The truck slowed to approximately 23–28 m.p.h., left the road, and crashed into a palm tree. This tragic accident did not eject Appellants from the truck, but it did slam them into the metal sides of the bed, rendering them paraplegic.

Appellants brought suit against General Motors Corporation ("GMC") alleging: (1) negligence; (2) breach of warranties; (3) misrepresentation and fraud; (4) strict liability; and (5) negligent product liability. These allegations in turn were constructed upon claims of failure to warn and defective design. The district court granted summary judgment in favor of GMC on all of Appellants' claims.

Appellants argue that the district court erred in granting summary judgment because they presented evidence sufficient to create a genuine factual dispute as to: 1) whether the dangers of riding in a cargo bed are open and obvious; 2) whether the cargo bed's design met consumers' safety expectations; 3) whether the risks of the cargo bed design outweighed the benefits; and 4) whether GMC advertising showing people in the cargo bed of stationary trucks constituted an affirmation of fact or promise that riding in the cargo bed was safe.

---

* The Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation.

## DISCUSSION

### I. FAILURE TO WARN

█ To establish a failure to warn claim, a plaintiff must prove that the manufacturer had a duty to warn of the dangers arising from a foreseeable use of the product and that the breach of that duty was the proximate cause of the plaintiff's injuries. When a manufacturer is or should have been aware that a product is unreasonably dangerous absent a warning and such warning is feasible, the manufacturer will be held strictly liable if it fails to give an appropriate and conspicuous warning. *Burke v. Almaden Vineyards, Inc.*, 86 Cal.App.3d 768, 772, 150 Cal.Rptr. 419 (1978); *see* BAJI No. 9.00.7 ("A product is defective if the use of the product in a manner that is reasonably foreseeable by the defendant involves a substantial danger that would not be readily recognized by the ordinary user of the product and the manufacturer knows or should have known of the danger, but fails to give adequate warning of such danger."). A manufacturer need not provide a warning when "the danger, or potentiality of danger is generally known and recognized." *Bojorquez v. House of Toys, Inc.*, 62 Cal.App.3d 930, 933, 133 Cal.Rptr. 483 (1976) (holding dangers of slingshot are generally known); *see Holmes v. J.C. Penney Co.*, 133 Cal.App.3d 216, 220, 183 Cal.Rptr. 777 (1982) (holding dangers of pellet gun powered by CO2 cartridges are generally known); *Almaden Vineyards*, 86 Cal.App.3d at 772, 150 Cal.Rptr. 419 (holding danger that plastic cork will eject itself from sparkling wine bottle is not generally known or obvious); Restatement (Third) of Torts: Products Liability § 2, cmt. i (Tentative Draft No. 2) ("[N]o duty exists to warn or instruct regarding risks and risk avoidance measures that should be obvious to, or generally known by, foreseeable product users."). Although the question of whether a duty exists is one of law, *Krawitz v. Rusch*, 209 Cal.App.3d 957, 963, 257 Cal.Rptr. 610 (1989), the question of whether a risk is obvious or generally known is one of fact and thus should be decided by the trier of fact when reasonable minds may differ. Restatement (Third) of Torts § 2, cmt. i (Tentative Draft No. 2).

█ We must determine whether summary judgment was inappropriate because there is a genuine dispute as to whether the ordinary pickup truck user would readily recognize the dangers associated with riding in a pickup truck's open cargo bed. A dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence before us, our function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. at 2511.

Appellants present several kinds of evidence to support their contention that the dangers of riding in the cargo bed were not generally known and obvious to the ordinary consumer. Much of their evidence, however, does not bear on the key question of whether the public is aware of the dangers. For example, a 1981 study by the National Transportation Safety Board reported that passengers riding in the cargo bed of a pickup truck were exposed to significantly greater risk of serious injury and death; that the causes of the injuries included ejection and shifting weight in a cargo area, and that "there may be a safety benefit" in requiring manufacturers to post information on trucks and in owners manuals advising consumers against riding in the cargo area. This report, however, does not evaluate the awareness of the general public of the risks of riding unrestrained in a cargo bed.

Similarly, Appellants presented information surrounding California's effort to pass legislation prohibiting persons from riding in the cargo bed without a seatbelt. Although the letters and other documentary evidence from law enforcement, lobbying groups, and manufacturers reflect a variety of opinions as to the nature of the dangers and the political impact of proposed legislation, they are not probative of whether the dangers are known to the general public.

Appellants' best submission on this issue is a study by P. Agran and D. Winn entitled "Who Carries Passengers in the Back of Pickup Trucks?" The authors of the study concluded, based on a telephone survey of

1,000 drivers, that "[a]ttitudes regarding laws restricting travel in the back of a pickup truck *suggest* that the dangers inherent to the occupant in this location are not adequately realized, particularly among those who do engage in the practice." (Emphasis added). This conclusion "suggesting" that the dangers are not "adequately realized" does not directly address whether the dangers are obvious and generally known to the foreseeable user.

We reject the study's suggestion that the dangers of riding unrestrained in a moving vehicle are not obvious and generally known. For years, crash test dummies have been regularly and routinely pulverized by government and private agencies to demonstrate to the public what happens to passengers during automobile wrecks. Television periodically subjects us to the disquieting results of these tests, most often in graphic slow motion. Seatbelts and relentless "buckle up for safety" campaigns have been with us for decades. Congress tied federal highway dollars to seatbelts in 1991. 23 U.S.C. § 153. These, of course, are the tangible and unmistakable evidence of our widespread and mature understanding of these everyday dangers, evidence which appears all around us not only in the form of seatbelts, but now airbags. In fact, few things are more universal in our common experience than these active reminders of the need for bodily protection in a moving vehicle. Automobiles cannot be manufactured and sold in this country without seatbelts, 49 U.S.C. § 30127, and it is a public offense in 49 states to drive without buckling them in place,[1] as it is on the military base where Appellants were stationed. The California courts have called the lack of seatbelts "an obvious defect," an observation with which we wholeheartedly agree. *Krawitz,* 209 Cal.App.3d at 966, 257 Cal.Rptr. 610. The manifest danger to which all of this is addressed is being ejected from the vehicle during a crash or being slammed against an unforgiving hard surface of the vehicle itself. From all of this, we conclude that the dangers of riding unrestrained in a

moving motor vehicle have become common knowledge and are firmly engraved upon the public consciousness.

If the public recognizes that travelling in the passenger compartment of an automobile without a seatbelt is dangerous, it only follows as night the day that the public also recognizes that riding in the cargo bed of a pickup, where seatbelts and other occupant packaging are conspicuously absent, presents even greater risks. Anyone getting into the cargo area of a pickup could not fail to recognize that it is neither designed nor equipped to transport passengers. A cargo bed is for cargo, not people. While we recognize that some individuals, including Appellants, do ride in pickup cargo beds, this does not mean that the ordinary product user is ignorant of the accompanying risks. Unfortunately, ordinary intelligent people defy obvious dangers all the time. Cigarette smokers are a prime example. Maybe they do not "adequately recognize" what it is like to have emphysema or lung cancer until it is too late, but no one would currently accept an explanation that they did not realize that smoking is dangerous to one's health. At some point, manufacturers must be relieved of the paternalistic responsibility of warning users of every possible risk that could arise from foreseeable use of their product. That point comes when ordinary users readily recognize the risk on their own.

■ We are not "required to submit a question to a jury merely because some evidence has been introduced by the party having the burden of proof, unless the evidence be of such a character that it would warrant the jury in finding a verdict in favor of that party." *Anderson,* 477 U.S. at 251, 106 S.Ct. at 2511 (quoting *Schuylkill and Dauphin Improvement Co. v. Munson,* 14 Wall. 442, 448, 20 L.Ed. 867 (1871)). We hold that the ordinary motoring public recognizes the dangers of riding unrestrained in the cargo bed of a moving pickup truck, that the record in this case does not demonstrate otherwise, and that no reasonable jury could find to the contrary. Therefore GMC had no duty to warn potential passengers of the dangers of travelling in the pickup cargo area. We affirm summary judgment in favor of GMC on the failure to warn claims.

1. *See* Rand–McNally Road Atlas at A10 (1997). The remaining state, New Hampshire, requires children under age twelve to buckle up. N.H.Stat.Ann. § 265:107–a (1995).

## II. DEFECTIVE DESIGN

■ The California Supreme Court has held that a product is defective in design either (1) if "the product failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner," or (2) if "the risk of danger inherent in the challenged design outweighs the benefits of such design." *Barker v. Lull Eng'g Co.*, 20 Cal.3d 413, 429, 430, 143 Cal. Rptr. 225, 573 P.2d 443 (1978). We hold that no reasonable jury could find that the pickup truck's design-including its absence of seatbelts and other occupant packaging in the cargo bed-is defective under either test, and therefore we affirm summary judgment in favor of GMC.

■ Appellants cannot meet the consumer expectations test because just as ordinary consumers would recognize that riding in a pickup cargo bed is dangerous, they also would not expect the pickup truck to protect passengers in the cargo bed during an accident. Appellants cannot satisfy the risk-utility test because the benefits of the pickup truck's design outweigh its dangers. The California Supreme Court has identified the following factors as relevant to the evaluation of a design:

> the gravity of the danger posed by the challenged design, the likelihood that such danger would occur, the mechanical feasibility of a safer alternative design, the financial cost of an improved design, and the adverse consequences to the product and to the consumer that would result from an alternative design.

*Id.* at 431, 143 Cal.Rptr. 225, 573 P.2d 443. The adverse consequences to the pickup truck and to the consumer that would result from the proposed alternative design are significant, because Appellants seek to redesign the pickup truck to provide protective seats, seatbelts, and occupant packaging. This alternative design would transform the cargo-hauling pickup truck into just another passenger-carrying vehicle and would eliminate its utility in carrying cargo. On the other hand, the gravity and the likelihood of the danger posed by the current design is minimal, because the danger is generally known to the public and can be avoided by proper use of the cargo bed.

## III. BREACH OF EXPRESS WARRANTY

■ To prevail on a theory of breach of express warranty, Appellants must prove that GMC made affirmations of fact or promises that became part of the basis of the bargain. *Pisano v. American Leasing*, 146 Cal.App.3d 194, 197–98, 194 Cal.Rptr. 77 (1983); Cal.Com.Code § 2313. Appellants contend that print and television advertising showing young people standing or sitting in the cargo beds of pickup trucks constituted a representation of fact and a promise by GMC that riding in the cargo bed is safe. Appellants acknowledge that, in most of the ads, the trucks appeared to be stationary and driverless.

Unlike a specific and unequivocal written statement, *see Hauter v. Zogarts*, 14 Cal.3d 104, 109, 120 Cal.Rptr. 681, 534 P.2d 377 (1975) (stating in all capital letters: "completely safe ball will not hit player"); *Keith v. Buchanan*, 173 Cal.App.3d 13, 22, 220 Cal. Rptr. 392 (1985) (describing sailboat as "a carefully well-equipped and very seaworthy vessel"), these ads present visual images of the product set in certain surroundings and make no explicit guarantees. We hold that no reasonable jury could find that GMC promised that riding in the back of a moving truck was safe simply by depicting people in the beds of pickup trucks.

## IV. MISREPRESENTATION

■ To establish a negligent misrepresentation claim, a plaintiff must prove: 1) that defendant had a duty to exercise reasonable care in giving information, 2) that defendant negligently provided false information, 3) that plaintiff reasonably relied on the false information, and 4) that plaintiff was injured as a result. *See Garcia v. Superior Court*, 50 Cal.3d 728, 734–35, 268 Cal.Rptr. 779, 789 P.2d 960 (1990); Restatement (Second) of Torts § 311. Appellants again rely on the advertising as the source of false information. Because the advertisements do not make any affirmations of fact or promises regarding the safety of riding in the cargo bed, GMC did not provide false information. Therefore,

we affirm the grant of summary judgment on the misrepresentation claim.

## CONCLUSION

At the heart of this case is the question of whether Appellants have presented enough evidence to raise a genuine factual dispute regarding whether the ordinary consumer knows of the dangers of riding in a pickup truck's cargo bed. We conclude that Appellants' evidence is insufficient to raise a genuine dispute as to the ordinary user's knowledge. The public has been so saturated with vehicle safety messages regarding seatbelts and airbags and motorcycle and bicycle helmets that it is highly improbable that the ordinary pickup truck user does not recognize that riding unrestrained in the cargo bed of a moving pickup truck is dangerous.

Additionally, Appellants have failed to raise a genuine factual dispute as to whether GMC's advertising created an affirmation of fact or promise about the safety of riding in a cargo bed. Therefore, we affirm the grant of summary judgment on all of Appellants' claims.

AFFIRMED.