Nakia **WILLIAMS** and Rita
Tabiu, Plaintiffs,

v.

**GERBER PRODUCTS COMPANY,**
Defendant.

No. 05CV1278JM(JFS).

United States District Court,
S.D. California.

May 22, 2006.

William F. Boyer, Sharp and Barnes, Washington, DC, Harold M. Hewell, Hewell Law Firm, San Diego, CA, for Plaintiffs.

Bryan A. Merryman, White and Case, Los Angeles, CA, for Defendant.

## ORDER GRANTING MOTION TO DISMISS ALL CLAIMS WITH PREJUDICE AND WITHOUT LEAVE TO AMEND

MILLER, District Judge.

Defendant Gerber Products Company ("Gerber") moves to dismiss all eight claims alleged in Plaintiff's Third Amended Complaint ("TCC"). Plaintiffs Nakia Williams and Rita Tabiu oppose the motion. Pursuant to Local Rule 7.1(d)(1), this matter is appropriate for decision without oral argument. For the reasons set forth below, the court grants the motion to dismiss all claims with prejudice and without leave to amend.

## BACKGROUND

On June 23, 2005 Plaintiffs commenced this action as a purported class action against Gerber and Novartis Corporation ("Novartis"). At issue is the advertising and product labeling used to promote one of Gerber's products known as Gerber Graduates for Toddlers Fruit Juice Snacks ("Snacks"). Plaintiffs allege that Gerber is a "part of the Novartis group of companies." In an unopposed motion, the court granted Novartis's motion to dismiss for lack of personal jurisdiction.

Plaintiffs allege that the packaging for Snacks is deceptive in the following ways:

(1) the principal display panel features the words "Fruit Juice" and images of oranges, peaches, strawberries, cherries, pineapple, and other berries but the juice only contains "white grape juice from concentrate" and no juice from the fruits and berries displayed on the label; (2) the side panel features the words "made with real fruit juice and other all natural ingredients" but the product is mostly corn syrup and sugar; (3) the side panel states that Snacks is "one of a variety of nutritious Gerber Graduates foods and juices" but the product is not a nutritious food or juice; (4) the principal display panel describes the product as "Fruit Juice Snacks" but the product is mostly corn syrup and sugar and therefor a candy; (5) the descriptive phrase "Naturally Flavored" does not comply with applicable type size requirements. (TAC ¶ 1).

Based upon these five allegedly misleading, deceptive, and false statements Plaintiffs allege eight causes of action for violation of Bus. & Prof.Code § 17200 et seq., Bus. & Prof.Code § 17500 et seq., negligent misrepresentation, intentional misrepresentation, breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for purpose, and violation of California's Consumers Legal Remedies Act, Civil Code § 1750 et. seq. For the third time, Plaintiffs moves to dismiss all claims pursuant to Fed.R.Civ.Pro 12(b)(6).

## DISCUSSION

### Legal Standards

Federal Rule of Civil Procedure 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir.1981). Courts should grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. *See Balistreri v.*

*Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). Courts should not dismiss a complaint "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle [the party] to relief." *Moore v. City of Costa Mesa,* 886 F.2d 260, 262 (9th Cir.1989) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), *cert. denied,* 496 U.S. 906, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990). The defect must appear on the face of the complaint itself. Thus, courts may not consider extraneous material in testing its legal adequacy. *See Levine v. Diamanthuset, Inc.,* 950 F.2d 1478, 1482 (9th Cir. 1991). The courts may, however, consider material properly submitted as part of the complaint. *See Hal Roach Studios, Inc. v. Richard Feiner and Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1989).

Finally, courts must construe the complaint in the light most favorable to the plaintiff. *See Concha v. London,* 62 F.3d 1493, 1500 (9th Cir.1995), *cert. dismissed,* 517 U.S. 1183, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996). Accordingly, courts must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See Holden v. Hagopian,* 978 F.2d 1115, 1118 (9th Cir. 1992). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a Rule 12(b)(6) motion. *See In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 926 (9th Cir.1996).

**The Allegedly Deceptive Statements**

■■■ In order to state a claim under California's Bus. Prof.Code § 17200 *et seq.* or the Consumers Legal Remedies Act, Civil Code § 1750, *et seq.,* Plaintiffs must allege that Defendants' statements are likely to deceive a reasonable consumer. *See Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal.App.4th 1351, 1358–60, 8 Cal.Rptr.3d 22 (2003); *Freeman v. Time,*

*Inc.,* 68 F.3d 285, 289 (9th Cir.1995). The term "likely" means probable, not just possible. *Freeman,* 68 F.3d at 289. If the alleged misrepresentation would not mislead a reasonable consumer, then the allegation may be dismissed on a motion to dismiss. *See Haskell v. Time, Inc.,* 857 F.Supp. 1392, 1399 (E.D.Cal.1994). The court properly considers the alleged deceptive product labeling as the product packaging is specifically attached to the TAC. *See Hal Roach Studios,* 896 F.2d at 1555 n. 19. In determining whether a statement is misleading under Section 17500, "the primary evidence in a false advertising case in the advertising itself." *Brockey v. Moore,* 107 Cal.App.4th 86, 100, 131 Cal. Rptr.2d 746 (2003).

■■■ Advertisements that amount to "mere" puffery are not actionable because no reasonable consumer relies on puffery. *See Cook Perkiss & Liehe v. N. Cal. Collection Serv.,* 911 F.2d 242, 245 (9th Cir. 1990) (statement "we're the low cost commercial collection experts" non-actionable puffery). As noted in *Cook,*

> The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions. '[A]dvertising which merely states in general terms that one product is superior is not actionable.' ... 'However, misdescriptions of specific or absolute characteristics of a product are actionable.'

*Id.* at 246; *Consumer Advocates v. Echostar Satellite Corp.,* 113 Cal.App.4th 1351, 8 Cal.Rptr.3d 22 (2003) (advertisement that satellite system provided "crystal clear picture" and "CD quality" sound found to be non-actionable puffery while statements that the consumer would receive "50 channels and a 7–day schedule" were actionable specific representations and not puffery).

*The "Fruit Juice" Statement and the Displayed Images*

 Plaintiffs allege the words "Fruit Juice" and images of oranges, peaches, strawberries, cherries, pineapple, and other berries displayed on the packages creates confusion and misrepresents the product's contents because the product only contains a small portion of grape juice and no juice from the fruits displayed on the packaging. (Compl.¶ 1(a)). To place this claim in context, the court notes that the words are displayed in a banner and read in full "Fruit Juice Snacks," not "Fruit Juice." The fruit displayed on the package includes pictures of both real fruit and fruit-like substances that appear to be fruit flavored candy such as gum drops or hard candy in the shape of fruit. Plaintiffs do not dispute that the packaging truthfully identifies "white grape juice from concentrate" as the third most prominent ingredient, following corn syrup and sugar. (Request for Judicial Notice Exh. D).[1]

Plaintiffs contend that these statements are deceptive because Snacks does not contain any of the fruit depicted on the packaging. One difficulty with this argument is that the mere depiction of fruit, or fruit like substances, is not a specific affirmative representation that the product contains those fruits. Another difficulty with Plaintiff's argument is that no reasonable consumer upon review of the package as a whole would conclude that Snacks contains the juice from the actual and fruit-like substances displayed on the packaging particularly where the ingredients are specifically identified. Plaintiffs repeatedly assert—perhaps correctly— that Snacks is primarily flavored sugar water, a characterization even if true, would not mean that Snacks is deceptively

advertised. Where a consumer can readily and accurately determine the nutritional value and ingredients of a product, and the product packaging does not affirmatively mislead the consumer by means of specific representations, no reasonable consumer would be misled by the words "Fruit Juice Snack" or deceived by depictions of fruit and fruit-like substances on the primary packaging label.

Furthermore, as argued by Gerber, the images are not deceptive because the depiction of the fruit and fruit-like images indicates that Snacks is fruit flavored and the FDA authorizes the manner in which Gerber labels Snacks. The depictions of the fruit suggest that the product is fruit flavored and, as indicated on the packaging label, Snacks is a naturally flavored drink containing grape juice and natural flavors, along with corn syrup, sugar, Vitamin C, and other listed ingredients.

Finally, the court rejects Plaintiffs' contention that Gerber's subsequent alteration of the packaging demonstrates the deceptive qualities of the packaging at issue. Whether the packaging at issue is actionable depends on the deceptive qualities of the particular packaging, and not subsequent alterations to that packaging.

In sum, the court finds that these statements are not deceptive as a matter of law.

*The "Made with Real Fruit Juice and Other All Natural Ingredients" Statements*

 Plaintiffs contend that the statements on the side panel featuring the words "made with real fruit juice and other all natural ingredients" are deceptive because Snacks is (1) a manufactured product consisting mostly of corn syrup and sugar and (2) an "affirmation of the

---

1. The court takes judicial notice of the actual packaging submitted by Gerber in its January 31, 2006 Request for Judicial Notice, Exh. D. The actual packaging better portrays the packaging than the black and white photocopies attached to the TAC.

fact that the product is made with all natural ingredients." (Oppo. at p. 1:25). While Plaintiffs certainly set forth one possible interpretation of the statement, that is not the applicable standard. In order to state a claim, Plaintiffs must set forth a statement that is likely to deceive a reasonable consumer. That is, the term "likely" does not mean possible, but probable. *See Freeman,* 68 F.3d at 289.

Here, the statement is truthful in the sense that Snacks contains grape juice and other natural flavors. Viewed in context, Plaintiffs fail to identify a statement which, when taken in context, would cause a reasonable consumer to likely be deceived by the statement. Furthermore the word "other" does not mean "only" or "all" as suggested by Defendants. Accordingly, the motion to dismiss the claims based upon these statements is granted with prejudice.

*The Snacks Is "One of a Variety of Nutritious Gerber Graduates Foods and Juices" Statement*

The court addressed this statement in its December 21, 2005 Order granting Gerber's motion to dismiss. As the court dismissed this claim as a basis for liability, and Plaintiffs fail to articulate any basis to revisit that Order, the court incorporates the prior Order.

In sum, the motion to dismiss this statement is granted with prejudice.

*Applicable Type Size Requirements for the Term "Naturally Flavored"*

█ Plaintiffs contend that the type size of the words "Naturally Flavored," compared to the type size of "Fruit Juice Snacks" does not comply with applicable FDA regulations and therefore constitutes an unfair business practice. As set forth by Defendants, "Section 101.22(i)(1)(i) provides that the type size of 'Naturally Flavored' should be half the size of 'Fruit Juice Snacks.' " (Reply at p. 5:1–2). In moving to dismiss this claim, Gerber argues that one "would have to split hairs with a ruler to determine whether or not the type size of 'Naturally Flavored' is one-half the size of 'Fruit Juice Snacks.' " (Motion at p. 13:21–24).

Gerber's argument has merit. Any reasonable consumer, upon viewing the purple colored banner displaying the two phrases, would conclude that the words "Naturally Flavored" are approximately one-half the size of the words "Fruit Juice Snacks." Moreover, the purpose of the regulation is to identify for the consumer "the name of the characterizing flavor" of the product, 21 C.F.R. § 101.22(i)(1)(i). Here, the words "Naturally Flavored" are clearly and plainly visible thereby informing consumers that the product contains natural flavorings.

In sum, the court concludes that the presentation of the words "Naturally Flavored" in relation to the "Fruit Juice Snacks" is not actionable.

**The First, Second, and Eight Causes of Action**

For the above stated reasons, the court concludes that the depiction of the fruit and fruit-like substances on the packaging, as well as the alleged statements, are not likely to deceive a reasonable consumer as a matter of law and do not constitute an unfair business practice within the meaning of section 17200. The court similarly finds that Plaintiffs fail to state a false advertising claim under the CLRA for the same reasons. These claims are dismissed with prejudice.

**The Third and Fourth Misrepresentation Causes of Action**

█ In order to prevail on a claim for negligent or intentional misrepresentation, Plaintiff must allege a material misrepresentation. *See Maneely v. General Motors*

*Corp.*, 108 F.3d 1176, 1181–82 (9th Cir. 1997); *Croeni v. Goldstein*, 21 Cal.App.4th 754, 758, 26 Cal.Rptr.2d 412 (1994). For the above stated reasons, the court finds that the challenged statements and images, viewed in context, are truthful or constitute non-actionable puffery. These claims are dismissed with prejudice.

**The Fifth, Sixth, and Seventh Causes of Action for Breach of Warranty**

Plaintiff's fifth, sixth, and seventh causes of action allege claims for breach of express warranty, breach of implied warranty of merchantability, and breach of implied warranty of fitness, respectively. For the above stated reasons, the depiction of fruit and fruit-like substances, as well as the challenged statements, are truthful in context and non-actionable puffery.

In sum, the court dismisses each claim with prejudice and without leave to amend.

**IT IS SO ORDERED.**