

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHEILA CRUZ; DEBORAH ESPARAZA; CATHERINE SILAS, | No. 15-56021 |
| Plaintiffs-Appellants, | D.C. No. 2:14-cv-09670-AB-AS |
| v. | |
| ANHEUSER-BUSCH COMPANIES, LLC, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted February 7, 2017
Pasadena, California

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Plaintiffs Sheila Cruz, Deborah Esparza, and Catherine Silas sued Defendant

Anheuser-Busch, LLC, on behalf of themselves and a proposed class of California

consumers, for false advertising, omission, and breach of warranty under

California law.  Plaintiffs allege that the labels on cartons containing cans of "Rita"

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

malt beverages, including Lime-a-Rita, are misleading by using the word "Light," because the products contain considerably more calories and carbohydrates per ounce than other Budweiser products. The district court dismissed the action with prejudice under Federal Rule of Civil Procedure 12(b)(6). On de novo review, accepting all facts alleged in the complaint as true and construing them in Plaintiffs' favor, Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016), we affirm.

We assume, without deciding, that Plaintiffs' claims are not preempted by federal law, 27 U.S.C. § 205(e), and that California's "safe harbor" doctrine does not bar their claims. We hold that no reasonable consumer would be deceived by the label on the carton into thinking that "Bud Light Lime Lime-a-Rita," which the label calls a "Margarita With a Twist," is a low-calorie, low-carbohydrate beverage or that it contains fewer calories or carbohydrates than a regular beer. It is clear from the label that the beverage is not a normal beer. In addition to describing the product prominently as a "Margarita With a Twist," the Lime-a-Rita label pictures a bright green drink, served over ice, in a margarita glass.

A reasonable consumer, seeing that label, might compare "Bud Light Lime Lime-a-Rita" to one of two other products: (a) a hypothetical product "Budweiser Lime-a-Rita," made with Budweiser instead of with Bud Light, or (b) a tequila

margarita. The hypothetical product would contain more calories and carbohydrates than does the beverage at issue, because the hypothetical beer component (Budweiser) has more calories and carbohydrates than the actual ingredient (Bud Light). And a tequila margarita typically contains at least as many calories and carbohydrates as a "Bud Light Lime Lime-a-Rita." The same reasoning applies to the cartons containing the other "Rita" products. Accordingly, Plaintiffs' claims for misrepresentation and omission fail.

With respect to the claim for breach of express warranty, Plaintiffs have not pleaded facts showing a "specific and unequivocal written statement" of warranty, as required under California law. Maneely v. Gen. Motors Corp., 108 F.3d 1176, 1181 (9th Cir. 1997). Therefore, this claim also was properly dismissed.

**AFFIRMED**.

*Cruz v. Anheuser Busch*, 15-56021

CHRISTEN, Circuit Judge, dissenting in part:

I write separately because I conclude that the label on the carton of this product could deceive reasonable consumers into thinking that Bud Light Lime Lime-a-Rita is a "light" beverage. In fact, in my view that result is likely because the most natural comparison is between Bud Light Lime Lime-a-Rita and Bud Light Lime. If those two products are compared, Bud Light Lime has far fewer calories and carbohydrates. I do not agree that reasonable consumers would compare Bud Light Lime Lime-a-Rita with "Budweiser Lime-a-Rita" or with a margarita; the former does not exist and the latter is made with tequila—and is decidedly not a malt beverage.

Reasonable consumers buying Bud Light Lime Lime-a-Rita could be misled by the "light" label on the packaging because the calorie and carbohydrate counts of Lime-A-Ritas only exist in small print on the side of the cans and this information is not visible to a shopper looking at the outside of the cartons. *See Williams v. Gerber Products Co.*, 552 F.3d 934, 949 (9th Cir. 2008) ("We disagree with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box."). I agree with my colleagues that plaintiffs did not adequately plead facts showing an express

warranty claim, but I would hold the plaintiffs adequately pleaded misrepresentation and omission claims and would reverse the district court's dismissal of plaintiffs' complaint.