MEMORANDUM *
Plaintiffs Sheila Cruz, Deborah Esparza, and Catherine Silas sued Defendant Anheuser-Busch, LLC, on behalf of themselves and a proposed class of California consumers, for false advertising, omission, and breach of warranty under California law. Plaintiffs allege that the labels on cartons containing cans of “Rita” malt beverages, including Lime-a-Rita, are misleading by using the word “Light,” because the products contain considerably more calories and carbohydrates per ounce than other Budweiser products. The district court dismissed the action with prejudice under Federal Rule of Civil Procedure 12(b)(6). On de novo review, accepting all facts alleged in the complaint as true and construing them in Plaintiffs’ favor, Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016), we affirm.
We assume, without deciding, that Plaintiffs’ claims are not preempted by federal law, 27 U.S.C. § 205(e), and that California’s “safe harbor” doctrine does not bar their claims. We hold that no reasonable consumer would be deceived by the label on the carton into thinking that “Bud Light Lime Lime-a-Rita,” which the label calls a “Margarita With a Twist,” is a low-calorie, low-carbohydrate beverage or that it contains fewer calories or carbohydrates than a regular beer. It is clear from the label that the beverage is not a normal beer. In addition to describing the product prominently as a “Margarita With a Twist,” the Lime-a-Rita label pictures a bright green drink, served over ice, in a margarita glass.
A. reasonable consumer, seeing that label, might compare “Bud Light Lime Lime-a-Rita” to one of two other products: (a) a hypothetical product “Budweiser Lime-a-Rita,” made with Budweiser instead of with Bud Light, or (b) a tequila margarita. The hypothetical product would contain more calories and carbohydrates than does the beverage at issue, because *584 the hypothetical beer component (Budweiser) has more calories and carbohydrates than the actual ingredient (Bud Light). And a tequila margarita typically contains at least as many calories and carbohydrates as a “Bud Light Lime Lime-a-Rita.” The same reasoning applies to the cartons containing the other “Rita” products. Accordingly, Plaintiffs’ claims for misrepresentation and omission fail.
With respect to the claim for breach of express warranty, Plaintiffs have not pleaded facts showing a “specific and unequivocal written statement” of warranty, as required under California law. Maneely v. Gen. Motors Corp., 108 F.3d 1176, 1181 (9th Cir. 1997). Therefore, this claim also was properly dismissed.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.